Filed 3/6/24  P. v. Rodriguez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRANDON ANTHONY RODRIGUEZ,<br><br>    Defendant and Appellant. | D083007<br><br><br>(Super. Ct. No. FWV21002789) |

APPEAL from a judgment of the Superior Court of San Bernadino, Elia V. Pirozzi, Judge.  Reversed and remanded with instructions.

Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Warren Williams and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

I

INTRODUCTION

Appellant Brandon Anthony Rodriguez pleaded no contest to one count of possession of more than 600 images of child pornography (Pen. Code, § 311.11, subd. (c)(1)) and was placed on supervised probation for two years pursuant to a negotiated plea agreement with a suspended upper-term sentence of five years in state prison.[1]  After Rodriguez violated the terms of his probation, the trial court terminated his probation and imposed the suspended upper-term prison sentence.

Between the date of the initial sentencing hearing and the probation revocation hearing, the Legislature enacted Senate Bill No. 567 (2020–2021 Reg. Sess.), effective January 1, 2022, which modified section 1170, subdivision (b), to limit courts' discretion to impose the upper term for crimes with a sentencing triad.  Rodriguez appeals his judgment of conviction and challenges the imposition of the upper-term sentence based on Senate Bill No. 567.  He contends he is entitled to receive the ameliorative benefits of Senate Bill No. 567 and requests remand so that he may elect whether to pursue resentencing under the amended sentencing law.  The Attorney General opposes Rodriguez's request and argues remand is unwarranted because Rodriguez was sentenced pursuant to a negotiated plea deal with a stipulated sentence.

The Courts of Appeal are divided on the question of whether Senate Bill No. 567 entitles defendants like Rodriguez, who entered a plea agreement with a stipulated sentence, to remand.  The issue is now pending before the Supreme Court.  (Compare *People v. De La Rosa* (2023) 97 Cal.App.5th 1054, 1063 (*De La Rosa*), review granted Feb. 21, 2024, S283452

---

[1]    Further undesignated statutory references are to the Penal Code.

[defendant entitled to remand], *People v. Todd* (2023) 88 Cal.App.5th 373, 381–382 (*Todd*), review granted Apr. 26, 2023, S279154 [same], and *People v. Fox* (2023) 90 Cal.App.5th 826, 831 (*Fox*) [same] with *People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1057–1059 (*Mitchell*), review granted Dec. 14, 2022, S277314 [defendant not entitled to remand] and *People v. Sallee* (2023) 88 Cal.App.5th 330, 340–341 (*Sallee*) [same], review granted Apr. 26, 2023, S278690.)[2]

For the reasons explained below, we agree with the Courts of Appeal that have allowed defendants with nonfinal convictions to seek the ameliorative benefits of Senate Bill No. 567, even where they were sentenced pursuant to plea agreements with stipulated sentences. Accordingly, we reverse the judgment of conviction and remand the matter for further proceedings under amended section 1170, subdivision (b).

II

BACKGROUND

On July 29, 2021, Rodriguez was charged by felony complaint with one count of possession of child pornography (§ 311.11, subd. (a); count 1), one count of possession of child pornography depicting sadism or masochism (*id.*, subd. (c)(2); count 2), and one count of possession of more than 600 images of child pornography (*id.*, subd. (c)(1); count 3).

On August 9, 2021, pursuant to a stipulated plea agreement with the district attorney, Rodriguez pleaded no contest to count three in exchange for the dismissal of the other charges pending against him. The plea agreement

---

[2]    According to the Supreme Court's summary of issues, the *Mitchell* appeal presents the following issue: "Does Senate Bill No. 567 (Stats. 2021, ch. 731), which limits a trial court's discretion to impose upper-term sentences, apply retroactively to defendants sentenced pursuant to stipulated plea agreements?"

included a stipulated suspended prison term of the upper term of five years and two years of supervised probation with a custodial jail term of 365 days.

On September 27, 2021, in accordance with the plea agreement, the trial court imposed, but stayed execution of, a five-year prison sentence and placed Rodriguez on two years of formal probation with a 365-day jail term. When the court placed Rodriguez on probation, it imposed several probation conditions on him. Of relevance here, it prohibited him from: (1) possessing obscene materials; (2) associating with minor females without another adult present; (3) possessing sexually explicit images or videos; or (4) using or possessing any computer or Internet device; and it required him (5) to submit to warrantless searches of his person, residence, and property; and (6) to cooperate with probation officers and follow all reasonable directives. Rodriguez completed his jail term and was released from custody on probation.

On October 18, 2022, two probation officers visited Rodriguez's home to conduct a compliance check and a residence verification. The officers knocked on his door for about 20 minutes, attempted to call him multiple times, and buzzed his GPS device to notify him of their presence. When Rodriguez finally answered the door, the officers detained him in handcuffs and searched his residence. During their search, the officers found Rodriguez's cell phone. The officers inspected the phone, discovered that Rodriguez had deleted several phone applications within the last twenty-four hours, and determined that he spent most of his phone-usage time on applications that allowed him to access the Internet. A forensic search of the phone revealed over 150 obscene and sexually explicit images stored on the phone.

On October 21, 2022, the probation department filed a petition to revoke Rodriguez's probation. On January 13, 2023, following a contested revocation hearing, the court found that Rodriguez violated the conditions of his probation. As a result, the court revoked his probation and imposed the previously suspended upper-term sentence of five years pursuant to the negotiated plea agreement.

## III

## DISCUSSION

### A. *Overview of Senate Bill No. 567*

At the time Rodriguez was originally sentenced, former section 1170, subdivision (b), vested courts with broad discretion to determine whether the imposition of a low, middle, or upper-term sentence for a crime with a sentencing triad "best serve[d] the interests of justice." (Former § 1170, subd. (b); Stats. 2020 ch. 29 § 14.)

Between the date of his original sentencing hearing and the date of his probation revocation hearing, the Legislature enacted Senate Bill No. 567, which amended section 1170, subdivision (b). Broadly speaking, the new sentencing law "make[s] the middle term the presumptive sentence for a term of imprisonment ...." (*People v. Lopez* (2022) 78 Cal.App.5th 459, 464.)

As amended, section 1170, subdivision (b)(1), provides that where a sentencing statute provides for three possible terms, "the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)."

Amended section 1170, subdivision (b)(2), in turn, states that a court may impose a sentence exceeding the middle term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term," and the facts underlying

5

those circumstances have been proven beyond a reasonable doubt at trial or stipulated to by the defendant.[3]

Additionally, amended section 1170, subdivision (b)(3), states that a "court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."

As all parties agree, Senate Bill No. 567 applies retroactively in nonfinal cases, like the present one, because it constitutes an ameliorative change to the criminal law and nothing in the new sentencing law evinces a legislative intent for the law to operative on a prospective-only basis. (*De La Rosa, supra*, 97 Cal.App.5th at p. 1061, review granted; *Fox, supra*, 90 Cal.App.5th at p. 831; *Todd, supra*, 88 Cal.App.5th at p. 377, review granted; *Sallee, supra*, 88 Cal.App.5th at p. 335, fn. 3, review granted; see also *In re Estrada* (1965) 63 Cal.2d 740, 745.)

B. *Rodriguez is Entitled to Relief Under Senate Bill No. 567*

Having determined that Senate Bill No. 567 applies retroactively to nonfinal cases like the present one, we must now decide whether Rodriguez is entitled to any *relief* under Senate Bill No. 567, given that he stipulated to the imposition of the upper term under a negotiated plea agreement. This presents an issue of law that we review de novo. (*De La Rosa, supra*, 97 Cal.App.5th at p. 1062, review granted; *Fox, supra*, 90 Cal.App.5th at p. 831.)

Relying principally on *Mitchell, supra*, 83 Cal.App.5th 1051, review granted, the Attorney General contends that Rodriguez is not entitled to relief under the amended sentencing law because he executed a negotiated

---

[3]  California Rules of Court, rule 4.421 enumerates the factors courts may consider as aggravating circumstances. (*Chavez Zepeda v. Superior Court* (2023) 97 Cal.App.5th 65, 70–71.)

plea agreement with a stipulated sentence calling for the imposition of a suspended upper term. According to the Attorney General, the trial court "had no discretion to choose one of the three possible [triad] terms" when it sentenced Rodriguez under the stipulated plea agreement and, therefore, Senate Bill No. 567 affords Rodriguez no possible relief.

In *Mitchell,* the First District Court of Appeal, Division Five, held that the amendments effectuated by Senate Bill No. 567 do not apply to defendants who are sentenced pursuant to plea agreements with stipulated sentences. (*Mitchell, supra*, 83 Cal.App.5th at pp. 1057–1059, review granted.) The *Mitchell* court reasoned that a court considering a plea agreement with a stipulated sentence "may either accept or reject it," and if the court accepts the plea agreement, it "simply sentence[s] [the defendant] according to the terms of the plea agreement." (*Id.* at pp. 1058–1059.) As a result, "there is no occasion for the trial court to find any aggravating facts in order to justify the imposition of an upper term at sentencing." (*Id.* at p. 1059.) Because a court presented with a plea agreement containing a stipulated sentence "lacks discretion to select the sentence," the *Mitchell* court determined that Senate Bill No. 567 provides no relief to defendants sentenced under such plea agreements. (*Id.* at p. 1058; see also *Sallee, supra*, 88 Cal.App.5th at pp. 337–341, review granted [following *Mitchell*].)

We respectfully disagree with the rationale of *Mitchell* and join the growing number of courts that have allowed defendants subject to stipulated sentences to seek the ameliorative benefits of Senate Bill No. 567, including courts in the Sixth District Court of Appeal (in the *Todd* and *De La Rosa* decisions), and the First District Court of Appeal, Division One (in the *Fox* decision). As the *Todd* court recognized, "the holding in *Mitchell* is grounded on a theory of private contractual enforcement that is free of intrusive

7

modification by the court." (*Todd, supra*, 88 Cal.App.5th at p. 379, review granted.) However, unlike civil contracts, " 'plea agreements are deemed to incorporate the reserve[d] power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. That the parties enter into a plea agreement does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them.' (§ 1016.8, subd. (a)(1).) Therefore, '[a] plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments ... or other changes in the law that may occur after the date of the plea is not knowing and intelligent.' " (*Todd*, at p. 379 [quoting § 1016.8, subd. (a)(1), (4)].) The *Todd* court concluded that, in view of Senate Bill No. 567, the rationale of *Mitchell* "would render [a defendant's] plea bargain to a stipulated sentence the very waiver of 'unknown future benefits of legislative enactments' that the Legislature has deemed void as against public policy because his entry of plea on those terms was not 'knowing and intelligent.' (See § 1016.8, subd. (a)(4).)" (*Todd*, at pp. 379–380.) We concur.

Moreover, we are persuaded that Senate Bill No. 567 should be given effect here in light of *Stamps*, "the leading authority on what relief is available under ameliorative sentencing legislation that takes effect after a defendant enters a plea agreement for a stipulated sentence." (*Fox, supra*, 90 Cal.App.5th at p. 831.) In *Stamps*, pursuant to a negotiated plea deal, the defendant pleaded guilty to one count of burglary and admitted a serious felony conviction in exchange for a nine-year prison sentence. (*People v. Stamps* (2020) 9 Cal.5th 685, 693.) While his appeal was pending, the Governor signed Senate Bill No. 1393 (2017–2018 Reg. Sess.), which amended section 1385, subdivision (a), to allow trial courts to strike serious felony enhancements in the interests of justice. (*Id.* at p. 692.)

8

The *Stamps* court rejected the defendant's assertion that, in light of Senate Bill No. 1393, the proper remedy was "to remand to the trial court to consider striking the serious felony enhancement while otherwise maintaining the plea agreement intact." (*Stamps, supra*, 9 Cal.5th at p. 700.) As the court explained, "long-standing law limit[ed] [a] court's unilateral authority to strike an enhancement yet maintain other provisions of the plea bargain." (*Id.* at p. 701.) Further, the court discerned nothing in the text or legislative history of Senate Bill No. 1393 evincing an intent "to overturn [this] long-standing law that a court cannot unilaterally modify an agreed-upon term by striking portions of it under section 1385." (*Stamps,* at p. 701)

Nonetheless, the *Stamps* court concluded that a limited remand was proper to give the defendant "the opportunity to seek the court's exercise of its [new] section 1385 discretion," notwithstanding the stipulated sentence. (*Stamps, supra*, 9 Cal.5th at p. 707.) In reaching this conclusion, the court observed that a trial court has " 'near-plenary' " authority to withdraw its initial approval of a plea agreement. (*Id.* at p. 708.) The *Stamps* court concluded that, on remand, the trial court could decline to exercise its discretion under section 1385, and "that [would] end[] the matter and defendant's sentence [would] stand[]." (*Stamps,* at p. 707.) If the court was instead inclined to strike the serious felony enhancement, "the prosecution ... [could] agree to modify the bargain to reflect the downward departure in the sentence such exercise would entail. Barring such a modification agreement, 'the prosecutor [would be] entitled to the same remedy as the defendant—withdrawal of assent to the plea agreement ....' " (*Id.* at p. 707.) Although these consequences could ultimately inure to the defendant's detriment, *Stamps* emphasized that "it [was] ultimately defendant's choice whether he wishe[d] to seek relief under Senate Bill [No.] 1393." (*Id.* at p. 708.)

9

"By the same reasoning, although a defendant who agreed to a specific term cannot be resentenced to the middle or lower term while retaining the other benefits of the plea bargain, the defendant may still seek relief under Senate Bill No. 567 with the understanding that if the trial court grants relief, the plea bargain is unlikely to survive. The amendment of section 1170[, subdivision] (b) to make the middle term the presumptive term unless aggravating circumstances are proven is a significant legal change that could well affect a court's evaluation of a plea bargain's fairness. [Citation.] Indeed, whereas under Senate Bill No. 1393 a sentence is lawful regardless of whether a trial court exercises its discretion to strike an enhancement, under Senate Bill No. 567 an upper-term sentence is not even authorized unless aggravating circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt. [Citation.] Thus, the statutory amendment here warrants a remand even more clearly than did the one in *Stamps*." (*Fox, supra*, 90 Cal.App.5th at p. 834; see also *De La Rosa, supra*, 97 Cal.App.5th at p. 1056, review granted ["we must follow the California Supreme Court's decision in *People v. Stamps* ... to determine the applicable remedy" when ameliorative legislation takes effect after a defendant enters a plea agreement with a stipulated sentence]; *Todd, supra*, 88 Cal.App.5th at pp. 380–381, review granted ["As in *Stamps*, *Todd* is entitled to remand for resentencing in compliance with amended section 1170, subdivision (b)."].)

For all these reasons, we agree with—and follow—the rationale of the *Todd*, *Fox*, and *De La Rosa* decisions. Accordingly, we will reverse the judgment of conviction and remand the matter for the purpose of permitting Rodriguez to seek relief under amended section 1170, subdivision (b).

C. *Procedure on Remand*

Guided by the remand procedures discussed in *De La Rosa, supra*, 97 Cal.App.5th at pp. 1064–1065, review granted, we set forth the possible scenarios that might arise after we remand the matter.[4]

If Rodriguez waives the requirements of amended section 1170, subdivision (b), the trial court shall reinstate his original sentence, which includes the upper term of five years on count 3.

Conversely, if Rodriguez invokes the requirements of section 1170, subdivision (b), he must state whether he either stipulates to the facts underlying an aggravating circumstance justifying the imposition of the upper term on count 3 or, alternatively, whether he desires a jury or court trial on any aggravating circumstances alleged by the district attorney. (§ 1170, subd. (b)(2); *De La Rosa, supra*, 97 Cal.App.5th at p. 1064, review granted.)

If Rodriguez requests a jury or court trial, the trial court shall host such a trial, at which the district attorney will bear the burden proving beyond a reasonable doubt the truth of any alleged aggravating circumstance justifying the imposition of the upper term. (§ 1170, subd. (b)(2).) If the district attorney fails to prove the truth of an aggravating circumstance, the trial court shall find that the sentence on count 3 cannot exceed the middle term of two years. (§ 311.11, subd. (c) [two years is the middle term].)

If Rodriguez stipulates to the facts underlying an aggravating circumstance justifying the upper-term sentence, or the district attorney

---

[4]    This description of procedures is not intended to preclude Rodriguez and the People from jointly requesting that the trial court allow them to withdraw from the plea agreement, vacate the conviction, and return them to the status quo ante. (*De La Rosa, supra*, 97 Cal.App.5th at p. 1064, fn. 14, review granted.)

11

proves the existence of an aggravating circumstance beyond a reasonable doubt to a jury or the court, the trial court shall find that the upper term may be imposed on count 3.

If, after compliance with the procedures under section 1170, subdivision (b), the trial court determines the upper term can be imposed on count 3, the court shall reinstate the original sentence.

On the contrary, if, following the abovementioned procedures, the court does not approve of the plea agreement with the reduced sentence or the district attorney does not agree to the reduced sentence, the court shall vacate the plea in toto and return the parties to their status quo ante.

IV

DISPOSITION

The judgment is reversed and the matter is remanded for further proceedings consistent with this opinion. On remand, Rodriguez should be permitted the opportunity to seek resentencing in compliance with section 1170, subdivision (b), as amended by Senate Bill No. 567 (2021–2022 Reg. Sess.) If the trial court resentences Rodriguez without vacating his no-contest plea, the court shall forward an amended abstract of judgment to the Department of Corrections and Rehabilitation.

McCONNELL, P. J.

WE CONCUR:


DATO, J.


BUCHANAN, J.

12